544 A.2d 448

**Deborah Forney DUNN, Executrix of the Estate of Joseph E. Dunn, Appellant,**

v.

**Alene B. DUNN.**

Superior Court of Pennsylvania.

Argued March 17, 1988.

Filed June 2, 1988.

Reargument Denied July 21, 1988.

Rosanna D. Weissert, Pittsburgh, for appellant.

Barbara J. Shah, Bethel Park, for appellee.

Before TAMILIA, POPOVICH and HOFFMAN, JJ.

TAMILIA, Judge:

Appellant/second wife, executrix of the estate of Joseph Dunn, appeals from a May 4, 1987 Order which denied her motion for post-trial relief and entered the March 16, 1987 Order as a final Order. Facts and procedural history are as follows.

Decedent/husband Joseph Dunn and appellee/first wife Alene Dunn were married in June of 1957 and separated in December of 1981. A divorce complaint was filed by decedent-husband on December 20, 1984 and a final Decree in divorce was entered on April 29, 1985. Decedent then married appellant in June of 1985, by whom he had one child. Meanwhile, equitable distribution proceedings with appellee were pending. Decedent was killed in February of 1986 in an industrial accident. The widow, appellant/second wife, as executrix, was substituted by an April 7, 1986 Order in place of her husband in the pending equitable distribution action. Judge Wettick took testimony on equitable distribution in January of 1987 and on March 16, 1987 entered an Order awarding all marital assets to appellee/first wife. Appellant's motion for post-trial relief was denied by the May 4, 1987 Order in question and this timely appeal followed.

On appeal, appellant/second wife/executrix contends the court abused its discretion by considering her separate assets, in failing to award any part of the equitable estate to the estate of Joseph Dunn, and in failing to fully set forth the valuation of assets and dates of valuation. She further argues that applying equitable distribution criterion to the husband's estate rendered it insolvent for decedent estate purposes.

Our standard of review is clear. "The court decides matters of alimony, equitable distribution and assessment of fees in its discretion; we do not disturb its decisions on these issues unless it plainly abused that discretion." *Chaney v. Chaney*, 343 Pa.Super. 77, 82, 493 A.2d 1382, 1385 (1985).

■ After a thorough review of appellant's brief, we reject her contention that the court here committed error. In his March 18, 1987 Memorandum and Order, Judge Wettick specifically states, "We award to the wife the marital residence and the pension benefits. We make this award on the basis of her needs, the length of the marriage, and the parties' standard of living during the marriage." Memorandum and Order at p. 2. Again, in his Opinion, Judge Wettick says, "[O]ur equitable distribution award is based on the factors set forth in Section 401(d) of the Divorce Code. The factors that we found to be relevant were the length of the marriage, the first wife's age, her vocational skills and needs, the needs of the second wife and her child, the first wife's contributions to the family, the first wife's limited opportunity for future acquisition of capital assets, the sources of income of the first and the second wife, the value of property set apart to the second wife, the standard of living that the parties established during the marriage, and the economic circumstances of the first wife and the second wife at the time the division of property was to become effective." Slip Op., Wettick, J., 10/9/87, pp. 7–8. Thus, the court says it basically took into account each of the factors listed in 23 P.S. § 401(d) which are to be considered upon equitable distribution of marital

238

property. Judge Wettick explains his references to the needs of the second wife and her children as follows:

> ' While the reasonable needs and the other relevant circumstances of the first wife justify this equitable distribution award, we cannot base an equitable distribution award solely upon her reasonable needs and circumstances if the husband's needs and circumstances justify an award of a portion of the marital property to his dependents. The reasonable needs of the husband include any reasonable needs of his second wife and their child because they looked to him for support at the time of his death.

Slip Op. at 5.

■ Contrary to appellant's contention, the decedent's estate was charged with the obligations of the marital estate as determined by the Divorce Code and its provisions for equitable distribution. These claims, timely filed during the life time of the husband, are not defeated by his death.

We have evaluated each of the claims set forth in appellant's brief and we are unable to find the court committed an abuse of discretion in its equitable distribution Order. We accordingly affirm that Order.

Order affirmed.